IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| USAA LIFE INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 2:15cv309-WHA |
| MARCELLA CULVER; L.W.H. a Minor, ) | (wo) |
| AMANDA JOHNSTON, as Guardian Ad ) | |
| Litem for L.W.H. a Minor; and GEORGE ) | |
| SEIER, Personal Representative of the ) | |
| Estate of David Garrett Hopper, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on a Motion Asserting Rule 12, FRCP Objections and Motion to Transfer (Doc. #23), and a Motion to Dismiss George Seier and the Estate of David Garrett Hooper (Doc. #29), filed by Defendant Marcella Culver ("Culver").

The Plaintiff, USAA Life Insurance Company, ("USAA") filed a Complaint and an Amended Complaint in Interpleader, seeking a determination of the rightful recipient of the proceeds of a life insurance policy. Named as Defendants are Culver; Amanda Johnston as Guardian Ad Litem for L.W.H., a minor; and George Seier, Jr., Personal Representative of the Estate of David Garrett Hopper.

Culver's motion specifically invokes Federal Rule of Civil Procedure 12(b)(2),(3),(6). In the body of the motion, however, Culver presents no argument supporting a ground for dismissal for failure to state a claim under Rule 12(b)(6), or for lack of personal jurisdiction under Rule 12(b)(2). Instead, she argues that the case lacks diversity of citizenship, which would be a Rule

12(b)(1) motion, and also argues that the case should be transferred due to an inconvenient venue.

Culver's Motion to Dismiss fellow-Defendant George Seier ("Seier") seeks dismissal of Seier, as the Personal Representative of the Estate of David Garrett Hooper, for lack of standing. Although given an opportunity to file a reply brief in support of this motion (Doc. #30), Culver did not timely file a reply brief.

The court understands Culver to request dismissal of this case for lack of personal jurisdiction, subject matter jurisdiction, and venue; to request dismissal of Seier; and to request a transfer of venue on the ground of convenience. For reasons to be discussed, these requests are due to be DENIED.

## II.   APPLICABLE STANDARDS

### A.   SUBJECT MATTER JURISDICTION

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." A "facial attack" on the complaint requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990). A "factual attack," on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings. *See Lawrence*, 919 F.2d at 1529. Under a factual attack, the court may weigh conflicting evidence and decide the factual issues that determine jurisdiction. *See Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir.1991). The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *See Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

### B.   PERSONAL JURISDICTION

In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988) (citations omitted). A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for a directed verdict. *Morris*, 843 F.2d at 492. The court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony. *Id.* (citations omitted).  Moreover, where the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff. *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir.1988).

### C.  STANDARD FOR MOTION TO TRANSFER VENUE

Section 1404(a) of Title 28 of the United States Code allows a district court to transfer any civil action to a district where it might have been brought to promote the convenience of the parties and witnesses and in the interest of justice.  The statute places the decision of whether a motion for a change of venue should be granted within the sound discretion of the court. *Hutchens v. Bill Heard Chevrolet Co.*, 928 F. Supp. 1089, 1090 (M.D. Ala. 1996); s*ee also Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 654 (11th Cir. 1993), *cert. denied*, 513 U.S. 814 (1994).

### III.  FACTS

The relevant facts are as follows:

USAA issued a life insurance policy to David Garrett Hooper in the face amount of $500,000.  The insured, David Garrett Hooper, designated his then-spouse, Marcella Hooper,[1] as

---

[1] Marcella Hooper is Defendant Marcella Culver, to whom the court refers herein as "Culver."

the primary beneficiary of the policy.

In February 2009, a final decree of divorce was issued by the Circuit Court of Montgomery County Tennessee to Marcella Hooper and David Garrett Hooper.  This divorce decree incorporated a Martial Dissolution Agreement and Permanent Parenting Plan. The Permanent Parenting Plan provided that David Garrett Hooper would insure his life in the amount of $250,000, and that until a child support obligation was completed, the policy shall name the other parent as trustee for benefit of the children.  The Marital Dissolution Agreement stated that certain life insurance policies are in force, and the parties agreed that the party in possession of a life insurance policy may do with the policy as she or he deems proper, including the designation of another beneficiary.

David Garrett Hooper passed away.  His estate is being probated in the Probate Court of Autauga County, Alabama in *In re:  Estate of David Garrett Hooper*, Case No. 15-026.

After David Garrett Hooper's death, the proceeds of the policy became payable. Perceiving a conflict between the Permanent Parenting Plan and the Marital Dissolution Agreement, USAA contacted Culver and discussed payment of $250,000 of the policy proceeds to Culver and payment of the remaining $250,000 to a trust for the benefit of  L.W.H., the minor child.

USAA also received correspondence from counsel for the Personal Representative of the Estate of David Garrett Hooper, George Seier ("Seier"), inquiring as to the Policy's beneficiary designation.  Seier is a resident of Prattville, Alabama.  The Estate was informed by USAA that the insurance proceeds would be paid to Culver and paid in trust for the minor child.   In correspondence with USAA, when asked whether the Estate intended to make a claim on the policy, the attorney for Seier advised that if payment were made as described, the Estate would

not be filing a competing claim.  (Doc. #31 at p.16).  Culver, however, subsequently informed USAA that all benefits should be paid directly to Culver alone.  (Doc. #31 at p.16).

USAA filed the Complaint in Interpleader and also moved, and the court granted the motion, for appointment of Amanda Johnston as Guardian Ad Litem to represent the interests of L.W.H. in this case. (Doc. # 9). Amanda Johnston was previously appointed by the Probate Judge of Autauga County, Alabama as Guardian Ad Litem to represent and defend the interests of L.W.H. in the underlying probate of David Garrett Hooper's estate in *In re: Estate of David Garrett Hooper*, Case No. 15-026.

Pursuant to this court's Order (Doc. #4), USAA deposited $503,429.68 into the court's registry, which is the sum representing the insurance proceeds.  (Doc. #5).

## IV.  DISCUSSION

The court will separately address Culver's motions for dismissal on the basis of lack of subject matter jurisdiction, personal jurisdiction, and venue, and her request for transfer of venue.

### A.  Lack of Jurisdiction

#### 1.  Subject Matter Jurisdiction

Culver has moved to dismiss the Complaint on the basis of the lack of subject matter jurisdiction, and has separately moved to dismiss Seier, as Personal Representative of the Estate of David Garrett Hooper, for lack of standing.

The Amended Complaint in Interpleader alleges that the court has subject matter jurisdiction over this statutory interpleader pursuant to 28 U.S.C. §1335(a) because there is diversity of citizenship between at least two of the claimants as defined by 28 U.S.C. §1332. USAA also alleges that there are claimants asserting adverse claims to the death benefit of an

insurance policy that is in excess of $500.[2]

In its brief, USAA argues that because Culver rejected USAA's offer to pay $250,000 of the proceeds in trust for her son, the Estate remained a potential clamant at the time the interpleader action was filed. USAA points to evidence that when asked about the intent of the Estate to file a claim for the insurance proceeds, the attorney for Seier advised that if the payment were performed as described; namely that $250,000 of the proceeds were paid to Culver directly and $250,000 paid to her as trustee, the Estate would not file a competing claim. (Doc. #31 at p. 16). USAA argues, therefore, that Seier, as Representative of the Estate, is a diverse Defendant who may claim entitlement to the insurance proceeds. In his separately-filed brief, Seier, as Personal Representative of the Estate, agrees that the court has subject matter jurisdiction.

Culver argues the Estate has no claim to the proceeds from the life insurance policy because it is not named as a beneficiary and would have no reason to make a claim to the proceeds. Culver argues that the designated beneficiary on the life insurance policy is the controlling factor and the beneficiary is Culver, not the Estate.

---

[2] 28 U.S.C. §1335(a) as follows:
(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

There is apparently no dispute that there are the requisite diverse claimants in this case, if Seier is considered a claimant. *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523 (1967) (stating that no more than "'minimal diversity', that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens" is required). The issue, therefore, is whether Seier, as Personal Representative of the Estate, should be considered a claimant.

The interpleader statute states that the court has jurisdiction if there are diverse adverse claimants who are claiming or "may claim" to be entitled to money or property. 28 U.S.C. §1335. This has been interpreted to mean that "an actual claim need not exist but rather only the possibility that more than one person will claim." *Nat'l Life Ins. Co. v. Alembik-Eisner*, 582 F. Supp. 2d 1362, 1366 (N.D. Ga. 2008); *see also Travelers Indem. Co. v. Greyhound Lines, Inc.*, 377 F.2d 325, 326 (5th Cir. 1967)[3] (stating that claimants need only have a claim to the money and do not have to have a secured judgment"). Jurisdiction will exist if the party interpleading the funds has a *bona fide* fear of exposure to multiple claims. *See Hearing v. Minnesota Life Ins. Co.*, 33 F. Supp. 3d 1035, 1041 (N.D. Iowa 2014) *aff'd*, 793 F.3d 888 (8th Cir. 2015); *see also Bierman v. Marcus*, 246 F.2d 200, 202 (3d Cir. 1957) (finding no jurisdiction where there was no real and reasonable fear of multiple claims).

USAA's evidence of correspondence from the Estate indicates an intent on the part of the Estate to make a claim on the insurance benefits if payment was not made both to Culver directly and also in trust for the benefit of the minor child. Therefore, the court concludes that an adequate showing of a bona fide fear of exposure to multiple claims by diverse claimants has

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

been made in this case to establish subject matter jurisdiction.

As to the standing of Seier and the Estate, upon review of the submissions and arguments of the parties, the court finds first that the Motion to Dismiss Seier and the Estate for lack of standing is due to be denied because standing is not an issue properly raised as to defendants. *See, e.g., Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1003 (11th Cir.2004) (identifying the standing requirement, stating "first and foremost, there must be alleged ... an injury in fact—a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical."). The Motion to Dismiss for lack of subject matter jurisdiction and for lack of standing of Seier are, therefore, due to be DENIED.

2. Personal Jurisdiction

Culver moved for dismissal citing Rule 12(b)(2), but does not advance any argument as to why she should be dismissed for lack of personal jurisdiction.

The Guardian Ad Litem of L.W.H. argues that Culver's motion seeking dismissal on the basis of lack of personal jurisdiction is untimely, and, therefore, Culver has waived that defense. USAA Life Insurance also contends the motion is untimely. Seier has joined in these arguments. Although given an opportunity to do so, (Doc. #25), Culver did not file a reply brief, and so has not responded to these arguments.

USAA points to Fed. R. Civ. P. 12(a)(1)(A)(ii), which states that a defendant is required to serve a responsive pleading within 60 days after the request for waiver of service is sent, if service is timely waived under Rule 4(d). USAA point to Culver's acceptance of service of the Complaint on May 18, 2015. (Doc. #28). On June 12, 2015, USAA filed an Amended Complaint and states that a second waiver of service was sent on that same day. (Doc. #7). USAA states that Culver's responsive pleading was due either 21 days or, at the latest, 60 days

from the date the request for waiver of service of the Amended Complaint was sent. The Motion to Change Venue and to Dismiss, however, was not filed until August 20, 2015. (Doc. #23)

Upon a plain reading of the Federal Rules of Civil Procedure and a review of the filings in this case, the court agrees that the Motion to Dismiss, insofar as it seeks dismissal for lack of personal jurisdiction, was untimely and Culver, therefore, has waived this defense. Fed. R. Civ. P. 12(h); *Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004) (stating "[i]t is well-settled that lack of personal jurisdiction is a waivable defect, and that a defendant waives any objection to the district court's jurisdiction over his person by not objecting to it in a responsive pleading or a Fed.R.Civ.P. 12 motion."). The Motion to Dismiss for lack of personal jurisdiction is, therefore, due to be DENIED.

2. Venue

Culver argues that the venue for an interpleader action is the judicial district in which one of the claimants resides, and because there are only two claimants, and they reside in Tennessee, venue here is improper. Culver also argues that if venue is proper here, it is more convenient in the Middle District of Tennessee.

As with personal jurisdiction, USAA, the Guardian Ad Litem of L.W.H., and Seier argue that Culver's motion seeking dismissal on the basis of improper venue was not timely filed and, therefore, that Culver has waived that defense. The court agrees that with respect to the Rule 12(b)(3) improper venue motion, the same analysis discussed above which applied to the untimeliness of the Rule 12(b)(2) motion, and subsequent waiver, also applies.

Unlike a motion to dismiss for improper venue made pursuant to Rule 12(b), however, the waiver provisions of Rule 12(h) do not govern a motion to transfer venue pursuant to the provisions of 28 U.S.C. § 1404(a). *See APR, LLC v. Am. Aircraft Sales, Inc*., 985 F. Supp. 2d

9

1298, 1302-03 (M.D. Ala. 2013) (citing *Aalberg v. Plan 4 Coll., Inc.,* No. 8:09–CV–1393–T–27EAJ, 2009 WL 3698039, at *1 (M.D.Fla. Nov. 4, 2009) (stating that a motion to transfer venue under § 1404(a) "is not a Rule 12(b)(3) motion and is not governed by the waiver provisions of 12(h)")). Therefore, the court will consider the statutory request for transfer on the basis of inconvenience of the forum.

The question of whether to transfer venue for convenience is a two-pronged inquiry, which first requires that the alternative venue be one in which the action could originally have been brought by the plaintiff. 28 U.S.C. §1404(a). The second prong requires courts to balance private and public factors to determine if transfer is justified. *See Miot v. Kechijian*, 830 F. Supp. 1460, 1465–66 (S.D.Fla.1993). Courts rely on a number of factors including: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). "A defendant has the burden of persuasion as to all elements of a *forum non conviens* motion." *Leon v. Millon Air, Inc*., 251 F.3d 1305, 1311 (11th Cir. 2001).

It is apparently undisputed that the case could have been brought in the alternative forum. Turning to the remaining factors of analysis, the court notes Culver's argument that the Plaintiff's forum choice in this case carries no presumption of correctness because in an interpleader action the plaintiff has no real interest concerning the jurisdiction in which the dispute is to be litigated. Culver's only other evidence or argument with regard to the remaining

convenience factors, however, is that she and her minor child who are claimants to the insurance proceeds reside in Clarksville, Tennessee.

USAA argues that transfer of venue would not be in the interests of justice or for the convenience of the parties or witnesses. USAA points out that the insurance proceeds have been deposited into the registry of this court. USAA argues that it would not be in the interest of judicial economy to transfer the case. USAA also points out that the court has appointed a Guardian Ad Litem for the minor who is the same Guardian Ad Litem in the probate of the decedent's estate. USAA argues that it would not be in the interests of justice to transfer the case because a new Guardian Ad Litem would have to be appointed. USAA cites *Reliastar Life Ins. Co. of New York v. Lemone*, No. 7:05cv545, 2006 WL 733968, at *5 (W.D. Va. March 16, 2006), an interpleader action in which a transfer was denied in part because the interests of justice would not be served since a transfer would cause unnecessary delay and expense to the parties.

The Guardian Ad Litem states in her brief that she has thoroughly reviewed and prepared for the case and is intimately familiar with the details. She states that if the case were transferred, it is likely that a new Guardian Ad Litem would be appointed who would be required to review the matter and become familiar with the case, incurring unnecessary expenses that would be paid from the proceeds to which the minor child maintains he is entitled. (Doc. #27 at p.3).

Even without giving deference to the Plaintiff's choice of forum, because this case involves an interpleader of funds, the court cannot conclude that Culver has met her burden to demonstrate that the case is due to be transferred under the convenience factors. The only showing Culver has made is that two claimants to the insurance proceeds live in the proposed

alternate forum.  If the case were transferred, appointment of a new Guardian Ad Litem, who would have to become familiar with the facts of the case, will lead to delay and unnecessary expense because the current Guardian Ad Litem is already familiar with the case, and will also continue to represent the minor child in the on-going state probate proceedings of his father's estate.  Considering all of the relevant factors, the court finds that convenience to two of the claimants is outweighed by the interest of justice in having the same Guardian Ad Litem continue in this case, and have the case tried in this forum, so as not to unduly delay the case or to cause the parties unnecessary expense.  The Motion to Transfer Venue is due to be DENIED.

## V.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1.  The Motion Asserting Rule 12, FRCP Objections and Motion to Transfer (Doc. #23) is DENIED.

2.  The Motion to Dismiss George Seier and Estate of David Garrett Hooper (Doc. #29 ) is  DENIED.

 Done this 8th day of October, 2015.

/s/ W. Harold Albritton_____
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE